IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,            §
                                     §
                Plaintiff,           §
                                     §
VS.                                  §            Criminal No. 3:10-CR-206-D (03)
                                     §
QUINCY PEARSON,                      §
                                     §
                Defendant.           §

MEMORANDUM OPINION
AND ORDER

        Defendant Quincy Pearson ("Pearson") has filed a March 3, 2015 motion to correct

his presentence report ("PSR") and to reconsider the denial of his February 2, 2015 motion

to correct presentence report.  For the reasons that follow, the court denies the motion.

I

        Pearson pleaded guilty to conspiracy to possess with intent to distribute a controlled

substance, and the court sentenced him to 210 months' imprisonment and a five-year term

of supervised release.  In 2012 the Fifth Circuit dismissed his direct appeal as frivolous.

*United States v. Pearson*, No. 11-10574 (5th Cir. Nov. 16, 2012) (per curiam) (dismissing

appeal under *Anders v. California*, 386 U.S. 738 (1967)).  He then unsuccessfully sought

habeas relief under 28 U.S.C. § 2255.  *See Pearson v. United States*, 2014 WL 4271649

(N.D. Tex. Aug. 29, 2014) (adopting findings and recommendation and denying § 2255

motion), *appeal docketed*, No. 14-11068 (5th Cir. Sept. 25, 2014).

In his present motion, Pearson again seeks to correct the PSR.  Although the alleged errors do not affect the calculation of his sentence, he maintains they impact his Bureau of Prisons ("BOP") classification (custody level and privileges), and, in turn, hinder his ability to rehabilitate and transfer to a more suitable facility.

## II

Fed. R. Crim. P. 36 provides that a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Although a PSR is considered part of the record that may be corrected, *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014), relief under Rule 36 is appropriate only when "the court intended one thing but by merely clerical mistake or oversight did another."  *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) (quoting *United States v. Steen*, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995)). Rule 36 does not create a right to "perpetual[ly] . . . apply different legal rules or different factual analyses to a case."  *Mackay*, 757 F.3d at 200.

In his February 2, 2015 motion to correct the PSR, Pearson asserted that his prior convictions were erroneously given criminal history points.  He argued that his conviction for Evading Arrest, Case No. MA9760693, should have been counted as a single sentence with Case No. F-9753849, because there was no intervening arrest and both convictions were included in the same charging instrument, namely a Dallas Police report.  He asserted that his conviction for Unlawful Possession of a Controlled Substance, Case No. F-9753982, should not have been counted as a separate offense because there was no intervening arrest

and the conduct stemmed from a single incident.  And he contended that his conviction for Assault Family Violence, Case No. F-0871320, was a Class C misdemeanor for which a $100 fine was imposed, and did not qualify either as a sentence of imprisonment or a prior sentence.

Pearson's February 2, 2015 motion did not present clerical errors or errors arising from oversight or omission that were correctable under Rule 36.  Notably, Pearson's counsel raised the same objections at sentencing concerning his convictions for Evading Arrest and Unlawful Possession of a Controlled Substance, and the addendum to the PSR addressed both objections.  *See* PSR ¶¶ 114 & 115; PSR Addendum at 3-4.  Accordingly, Pearson's renewed motion to correct the PSR and to reconsider the denial of his February 2015 motion is denied.

### III

To the extent Pearson seeks to challenge his custody level and privileges imposed by the BOP, his motion is liberally construed to seek habeas relief under 28 U.S.C. § 2241.  To entertain a § 2241 habeas petition, however, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition.  *See Lee v. Wetzel*, 244 F.3d 370, 373-74 & n. 3 (5th Cir. 2001) (holding that district of incarceration is only district with jurisdiction to entertain § 2241 petition).  Because Pearson is confined at FCI-Beaumont, this court lacks jurisdiction over a § 2241 petition, and the petition must be dismissed without prejudice.

Accordingly, the clerk of the court is directed to open for indexing purposes a new habeas corpus action pursuant to 28 U.S.C. § 2241 (nature of suit 530—assigned to the same

district judge and magistrate judge as the criminal case) and to close the same on the basis of this memorandum opinion and order.

**SO ORDERED**.

May 29, 2015.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE